APR 2 1 2010

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| HERLINA SNIDER, | ) | 3:07-CV-00583-RCJ-(RAM) |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| GREATER NEVADA LLC, et al., | ) | |
| Defendants. | ) | |

Plaintiff Herlina Snider, ("Plaintiff"), filed the present lawsuit against Defendants Greater Nevada, LLC, ("Defendant"), and Derry Gilmore alleging national origin, age, and gender discrimination as well as retaliation and constructive discharge. This Court granted summary judgment for Defendant. Presently before the Court is Plaintiff's Motion for Relief from Order (#39). Defendant opposed the motion (#40) and Plaintiff replied (#46). The Court held a hearing on the motion on April 1, 2010. The Court now issues the following order. IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from Order (#39) is DENIED.

## I. BACKGROUND

Plaintiff sued Defendants Greater Nevada, LLC and Derry Gilmore[1] in this Court on November 30, 2007. (Compl. (#1)). Plaintiff asserted claims for national origin discrimination in violation of Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000(e) *et. seq*, age discrimination in violation of the Age Discrimination in Employment Act,

---

[1] On May 27, 2009, the Court dismissed Defendant Derry Gilmore from the action without prejudice pursuant to Federal Rule of Civil Procedure 4(m). (Order (#26)).

1

1 29 U.S.C. § 621, gender discrimination in violation of Title VII, retaliation in violation of Title
2 VII, and constructive discharge. (Id.).

3      Plaintiff based her claims for national origin discrimination, age discrimination, gender
4 discrimination, and retaliation on federal law. (Compl. (#1) ¶¶ 30–32, 37–40, 45–46, 51). In
5 her complaint, she did not specify whether her constructive discharge claim was based on
6 federal or state law. (Id. at ¶¶ 57–63). Plaintiff, however, alleged that this Court had
7 supplemental jurisdiction over any state-law claims in her complaint. (Id. at ¶ 5). In its answer,
8 Defendant admitted that this Court has supplemental jurisdiction over state-law claims
9 contained in the complaint, but denied any violations of state law. (Ans. (#5) ¶ 5).

10     On October 29, 2008, Defendant moved for summary judgment. (Def.'s Mot. for Summ.
11 J. (#20)). Defendant argued that Plaintiff failed to establish the elements of constructive
12 discharge under federal law. (Id. at 22:15–24:2). Plaintiff filed an opposition on December
13 8, 2008. (Pl.'s Opp'n (#23)). Plaintiff cited to one federal case[2] and to no state law in her
14 discussion of constructive discharge. (Id. at 24:6–28:4). Defendant replied on December 19,
15 2008, reiterating its constructive discharge argument. (Def.'s Reply (#24) 19:20–20:8).

16     On October 2, 2009, this Court held a hearing on Defendant's motion for summary
17 judgment. During the hearing, Plaintiff's counsel asserted that there was a state-law
18 component to Plaintiff's constructive discharge claim that required a determination on the
19 totality of the circumstances. Defendant's counsel replied that there is no independent cause
20 of action for constructive discharge under Nevada law. Defendant's counsel asserted that the
21 constructive discharge claim must stem from intolerable discriminatory conduct, not a totality
22 of the circumstances.

23     On October 14, 2009, this Court granted Defendant's motion for summary judgment in
24 its entirety and the Clerk entered judgment for Defendant. (Order (#36); Judgment (#37)).

26     [2] Plaintiff asserts that "when analyzing the constructive discharge claim, it is noteworthy
27 that [she] did not make a single reference to federal law." (Pl.'s Mot. for Relief from Order
(#39) 3:5–6). In fact, Plaintiff cited to Huskey v. City of San Jose, 204 F.3d 893, 900 (9th Cir.
28 2000), in her discussion of her constructive discharge claim in her opposition to Defendant's
motion for summary judgment. (Pl's Opp'n (#23) 25:14–15).

2

The Court reviewed federal case law and reasoned that no reasonable trier of fact could find that Plaintiff was driven from the workplace because of intolerable discriminatory conditions and that Plaintiff's failure to establish a hostile workplace environment precluded a finding of the more severe discriminatory conduct needed to sustain a claim for constructive discharge. (Order (#36) at 27:13–28:19).  Plaintiff now moves the Court to reconsider the part of its order relevant to a potential state-law claim for constructive discharge.  (Pl.'s Mot. for Relief from Order (#39)).

## II. Legal Standard

"A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989).  If a motion for reconsideration under Rule 60(b) is filed within the time limit for a Rule 59(e) motion, the Court treats it as a Rule 59(e) motion.  *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

Under Rule 59(e), "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *ACandS, Inc.*, 5 F.3d at 1263.  "Rule 60(b) 'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief.'"  *Id.* (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

"'[A] district court does not abuse its discretion when it disregards legal arguments made for the first time' on a motion to alter or amend a judgment." *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)).  "'A Rule 59(e) motion may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation.'" *Sharp Structural, Inc. v. Franklin Mfg., Inc.*, 283 Fed. App'x 585, 588 (9th Cir. 2008) (quoting

*Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)).  Likewise, a party cannot argue mistake based on an argument made for the first time in a Rule 60(b) motion. *Lyons v. Bisbee*, No. 3:07-CV-00460, 2009 WL 3633834, at *1 (D. Nev. Oct. 30, 2009) (holding that movant not entitled to relief from judgment on pleadings due to the Court's failure to construe his claims as alleging substantive due process violations when movant had not raised the issue in his own motion papers); *Knapp v. Miller*, 873 F. Supp. 375, 379–80 (D. Nev. 1994) ("A motion for relief pursuant to Fed. R. Civ. P. 60(b) should not be granted on the basis of new facts, law or legal theories not advanced when a motion for summary judgment was originally briefed except for those reasons listed in Rule 60(b).").

### III. ANALYSIS

Plaintiff argues that this Court inadvertently or mistakenly ignored her state-law claim for constructive discharge. (Pl.'s Mot. for Relief from Order (#39) 2:8–11). Rather than grant summary judgment for Defendant on all Plaintiff's claims, Plaintiff contends that the Court should have granted summary judgment on all Plaintiff's *federal* claims and remanded Plaintiff's state-law claim for constructive discharge to state court.[3] (*Id.* at 2:12–22). Plaintiff argues that her claim for constructive discharge was based on Nevada law and that a different standard applies for constructive discharge under Nevada law based on *Martin v. Sears, Roebuck & Co.*, 899 P.2d 551 (Nev. 1995), and *Dillard Department Stores, Inc. v. Beckwith*, 989 P.2d 882 (Nev. 1999). (Pl.'s Opp'n (#23) 5:4–17).

Plaintiff filed her motion for relief from the order within the ten days required by Rule 59(e).[4] Therefore, Rule 59(e) governs. Plaintiff does not present newly discovered evidence or cite to any intervening change in controlling law. Therefore, the issue at hand is whether this Court committed clear error or the initial decision was manifestly unjust.

---

[3] Since Plaintiff brought her action in federal court initially, it was never in state court and it is unclear that this Court could remand it to a state court. If the Court were to determine that it lacked jurisdiction over Plaintiff's state-law claim for constructive discharge, it must dismiss that claim without prejudice for lack of jurisdiction. Plaintiff may then file it in state court if she so wishes and state-law so allows.

[4] After December 1, 2009, the time was increased to 28 days. Fed. R. Civ. P. 59(e).

1  Plaintiff raised her argument that her constructive discharge claim was based on state
2  law for the first time during the motion hearing.  Plaintiff's counsel briefly asserted that there
3  was a different standard for constructive discharge under state law, but did not cite authority
4  or describe the different standard to the Court.  The Court did not make a clear mistake by
5  failing to expressly address any state-law aspect to Plaintiff's constructive discharge claim in
6  its written order.  The Court's order clearly spelled out that it was granting summary judgment
7  for Defendant.  The grant of summary judgment encompassed all claims within the complaint,
8  state or federal.  Any mistake here appears to lie with Plaintiff.  Plaintiff did not raise a state-
9  law argument in her written opposition and did not provide the Court with any authority or detail
10  regarding her position that her state-law constructive discharge claim should survive summary
11  judgment independent of her federal constructive discharge claim.

12  Plaintiff also alleges that this Court mistakenly neglected to dispose of her state-law
13  claim for constructive discharge.  This is simply false.  This Court disposed of Plaintiff's entire
14  complaint by granting summary judgment for Defendant.  The Court *may*, but need not,
15  decline supplemental jurisdiction of state-law claims after dismissing all federal claims.  *See*
16  28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over
17  a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction
18  . . . .").  This Court maintained any supplemental jurisdiction and exercised it in granting
19  summary judgment on the entire complaint.  The Court did not make a clear mistake when it
20  granted summary judgment for Defendant.[5]

21  Nor was the Court's decision manifestly unjust.  An employer is liable for tortious
22  discharge in Nevada if: "(1) the employee's resignation was induced by action and conditions
23  that are violative of public policy; (2) a reasonable person in the employee's position at the
24  time of resignation would have also resigned because of the aggravated and intolerable
25  employment actions and conditions; (3) the employer had actual or constructive knowledge
26  of the intolerable actions and conditions and their impact on the employee; and (4) the

27  _____

28  [5] Even if Rule 60(b) applies, the Court did not make a mistake under the 60(b) standard in entering summary judgment for Defendant for the same reasons.

5

situation could have been remedied." *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 885 (Nev. 1999) (quoting *Martin v. Sears, Roebuck & Co.*, 899 P.2d 551, 553 (Nev. 1995)). Like the federal standard for constructive discharge, Nevada law requires a showing of "aggravated and intolerable employment actions and conditions." Under Nevada law, constructive discharge requires "working conditions so intolerable and discriminatory that a reasonable person in the employee's position would feel compelled to resign." *Martin*, 899 P.2d at 553 (citing *Satterwhite v. Smith*, 744 F.2d 1380, 1381 (9th Cir. 1984)). The Court employed the federal standard: "to establish a claim for constructive discharge, the plaintiff must show that conditions on the job were so intolerable that a reasonable person would leave the job." (Order (#36) 27:18–20). The Court found that Plaintiff failed to meet this standard. Even if the Nevada standard is different, the Court's findings, as laid out in its order, also mandate summary judgment for the Defendant on Plaintiff's state-law constructive discharge claim.[6]

Plaintiff argues that Defendant was on notice of her state-law claims and did not oppose them. Plaintiff contends that she put Defendant on notice of her state-law constructive discharge claim by alleging that this Court has supplemental jurisdiction "over state law claims raised herein." (Pl.'s Mot. for Relief from Order (#39) 2:27–36 (emphasis omitted)). But the complaint contained no allegation at all that the constructive discharge claim was based on state law. The boilerplate language asserting the Court's supplemental jurisdiction did not put Defendant on notice that Plaintiff's constructive discharge claim was based on state law.

Plaintiff contends that Defendant did not challenge her state-law constructive discharge claim because Defendant admitted supplemental jurisdiction over state-law claims but denied that any violations of state law occurred. (*Id.* at 3:23–4:4). But, by Plaintiff's own admission, Defendant denied that any violations of state law occurred, thus challenging any claim for state-law constructive discharge Plaintiff may have alleged.

---

[6] Defendant also argues that, under Nevada law, no independent claim for constructive discharge can stand when an adequate statutory remedy exists. (Def.'s Opp'n (#40) 4:19–5:17). Because the Court holds that Plaintiff is not entitled to amendment of or relief from judgment on other grounds, the Court does not address this contention.

6

1  Plaintiff has failed to show mistake or manifest injustice in the Court's order granting

2  summary judgment to Defendant. Plaintiff failed to timely and adequately argue a constructive

3  discharge claim based on state law.  But, even if Plaintiff did adequately raise her state-law

4  argument, the Court's reasoning and judgment under federal law regarding Plaintiff's

5  constructive discharge claim are equally effective in disposing of her state-law claim for

6  constructive discharge.  Therefore, Plaintiff is not entitled to relief from or amendment of the

7  order and judgment.

8  ## IV. CONCLUSION

9  Accordingly, IT IS ORDERED that Plaintiff's Motion for Relief from Order (#39) is

10  DENIED.

11  DATED: This _____ day of April, 2010.

12

13

14  Robert C. Jones

15  UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

7