**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERLINA SNIDER,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>GREATER NEVADA LLC, DBA Greater Nevada Mortgage Services; DERRY GILMORE,<br><br>　　　　　Defendants - Appellees. | No. 09-17532<br><br>D.C. No. 3:07-cv-00583-RCJ-RAM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted March 16, 2011
San Francisco, California

Before: HUG, W. FLETCHER, and M. SMITH, Circuit Judges.

Plaintiff-appellant Herlina Snider appeals the district court's decision granting summary judgment to her former employer, defendant-appellee Greater Nevada, LLC ("Greater Nevada"), on her claims of national origin discrimination,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

retaliation, and constructive discharge. Snider also appeals the district court's denial of her Motion for Relief from Judgment. Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts except as necessary to explain the decision.

We review the district court's grant of summary judgment *de novo*. *Lindahl v. Air France*, 930 F.2d 1434, 1436 (9th Cir. 1991). We review the denial of a Federal Rule of Civil Procedure 59(e) motion to alter or amend a judgment for abuse of discretion. *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Jurisdiction is proper under 28 U.S.C. § 1291, and we affirm.

1. National origin discrimination claim

We affirm the district court's grant of summary judgement to Greater Nevada on Snider's Title VII national origin discrimination claim. Snider has not provided sufficient evidence to demonstrate that Greater Nevada's legitimate non-discriminatory reason for eliminating her position is pretext for unlawful discrimination.

A plaintiff may demonstrate pretext: "(1) indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or not otherwise believable, or (2) directly, by showing that unlawful

discrimination more likely motivated the employer." *Chuang v. Univ. of Calif. Davis*, 225 F.3d 1115, 1127 (9th Cir. 2000). Here, the record does not support a conclusion that Greater Nevada's cost-saving explanation is unbelievable. Additionally, Snider's evidence of an underlying discriminatory bias is insufficient to raise a genuine issue of material fact because she does not present any direct evidence of discrimination and her circumstantial evidence is not significant or substantial. *See EEOC v. Boeing Co.*, 577 F.3d 1044, 1049 (9th Cir. 2009).

   2. Retaliation claim

We affirm the district court's grant of summary judgment to Greater Nevada on Snider's Title VII retaliation claim. To establish a *prima facie* case of retaliation, Snider must demonstrate, *inter alia*, that she "opposed" a discriminatory practice within the meaning of Title VII. *See* 42 U.S.C. § 2000e-3(a); *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065-66 (9th Cir. 2004). Because it was not possible to discern from the context of Snider's statements to Gerene Sayres that she opposed an unlawful practice, she did not establish the opposition element of a *prima facie* retaliation case. *See EEOC v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1012-13 (9th Cir. 1983).

   3. Constructive discharge claim

3

We affirm the district court's grant of summary judgment to Greater Nevada on Snider's constructive discharge claim. Constructive discharge occurs when working conditions become "sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a living and to serve his or her employer." *Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000) (internal quotation marks omitted). To succeed on a constructive discharge claim, a plaintiff must demonstrate aggravating factors beyond what is necessary to establish a discrimination claim. *See Poland v. Chertoff*, 494 F.3d 1174, 1184 (9th Cir. 2007); *Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1144 (9th Cir. 2001). Here, summary judgment in favor of Greater Nevada was appropriate because Snider did not show any aggravating circumstances beyond those alleged in her basic discrimination claim.

4. Motion for relief from judgment

Finally, we hold that the district court did not abuse its discretion by denying Snider's Motion for Relief from Judgment. Because this motion was filed within the time limits of Federal Rule of Civil Procedure 59(e), we treat it as a Rule 59(e) motion. *Am. Ironworkers & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Under Rule 59(e), reconsideration of the constructive

discharge claim would have been appropriate if the district court had "committed clear error or its initial decision was manifestly unjust." *ACandS, Inc.*, 5 F.3d at 1263.  Both Nevada and federal law require plaintiffs bringing constructive discharge claims to demonstrate aggravated and intolerable working conditions. *See Bergene*, 272 F.3d at 1144; *Dillard Dep't Stores Inc. v. Beckwith*, 989 P.2d 882, 885 (Nev. 1999).  Thus, because of the similarities between state and federal law, it was reasonable for the district court to conclude that its decision to analyze any state law claim under federal law was not clearly erroneous or manifestly unjust.

    **AFFIRMED.**